**Don RIPPLINGER, d/b/a Seven Seas Standard, Appellant,**

v.

**AMOCO OIL COMPANY, Appellee.**

**No. 89–5520ND.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 14, 1990.

Decided Oct. 10, 1990.

Thomas F. Kelsch, Mandan, N.D., for appellant.

William P. Pearce, Bismarck, N.D., for appellee.

Before McMILLIAN and ARNOLD, Circuit Judges, and HEANEY, Senior Circuit Judge.

ARNOLD, Circuit Judge.

Don Ripplinger appeals a grant of summary judgment in favor of Amoco Oil Company. The sole question for us to decide is whether the one-year statute of limitations contained in the Petroleum Marketing Practices Act, 15 U.S.C. § 2801 *et seq.*, bars Ripplinger's claim against Amoco. We agree with the District Court[1] that it does.

---

1. The Hon. Patrick A. Conmy, Chief Judge, United States District Court for the District of North Dakota.

From 1972 until 1987, Ripplinger operated a retail gas station in Mandan, North Dakota, under a franchise agreement with Amoco Oil Company. On May 27, 1987, Amoco notified Ripplinger that it would not renew their franchise agreement, which was due to expire on December 31, 1987. Another letter from Amoco, dated June 11, 1987, stated that Ripplinger's franchise would be terminated "and/or" non-renewed on September 9, 1987. On August 2, 1987, Ripplinger closed the station, and on August 10, 1987, Ripplinger signed a Mutual Cancellation Agreement with Amoco, terminating the franchise as of August 2, 1987.

Ripplinger filed this action on August 15, 1988, claiming that Amoco had violated the Petroleum Marketing Practices Act. 15 U.S.C. § 2805(a) states that no claim may be brought under the Act unless "commenced within 1 year after the later of (1) the date of the termination of the franchise or nonrenewal of the franchise relationship; or (2) the date the franchisor fails to comply with the requirements of section 102 or 103 [15 U.S.C. §§ 2802 or 2803]." This means that the one-year period begins to run on the date of the statutory violation, or the end of the franchise, whichever is later.

■ As the District Court noted, the complaint alleges that the May 27, 1987 notice of nonrenewal violated the Petroleum Marketing Practices Act. However, the date of the termination of the franchise will begin the running of the limitations period, if later than May 27, 1987, the date of the alleged statutory violation. Ripplinger closed the gas station on August 2, 1987, and on August 10, 1987, signed an agreement specifying that the franchise agreement terminated on August 2. Thus, the one-year limitation period expired no later than August 10, 1988. Under the plain language of the statute, because he filed this claim on August 15, 1988, Ripplinger missed his opportunity to sue Amoco under the Act.

In response, Ripplinger proposes a number of reasons why his claim should not be barred. First, although May 27, 1987 is the date of the first violation of the Petroleum Marketing Practices Act by Amoco, Ripplinger claims that the violation was an ongoing one, and that as late as November 24, 1987, Amoco acted on an underlying lease (between Amoco and the owner of the building and land where the service station was located) in a way that interfered with Ripplinger's rights under the Act. In addition, until formal notice of non-renewal of the underlying lease was given on November 24, 1987, Ripplinger argues that he and Amoco still had a "franchise relationship" for purposes of 15 U.S.C. § 2805(a). We reject these arguments. The underlying lease was not part of Ripplinger's franchise agreement with Amoco. The franchise itself terminated no later than August 10, 1987, regardless of the later formal non-renewal of the lease.

■ Second, Ripplinger argues that equitable tolling should apply to the limitations period because Amoco failed to reveal the terms of its option to renew the underlying lease. Absent this concealment, Ripplinger claims, he could have been assigned the lease, exercised the option to renew, and continued to operate his station independently of Amoco. Further, Ripplinger contends that had he known sooner of Amoco's alleged concealment of its option to renew, he would have possessed sufficient facts to file his claim at an earlier date. The Eleventh Circuit has held that equitable-tolling principles do not apply to the limitations period of the Petroleum Marketing Practices Act. *Hill v. Texaco, Inc.*, 825 F.2d 333 (11th Cir.1987). This Court has not faced the issue, and it is not necessary to do so in this case. We assume for purposes of this appeal that all of Ripplinger's factual allegations about concealment are true. They amount to no more than non-disclosure: a failure by Amoco to tell Ripplinger the terms under which the underlying lease could have been renewed. This is not the same thing as fraudulent concealment, which requires an act of affirmative misrepresentation over and above the acts creating the alleged cause of action.

The judgment of the District Court is affirmed.